**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey, 07470
T: (973) 256-9000
*Attorneys for Defendants Walmart Inc. and*
*Wal-Mart Stores, Inc. (improperly named as Walmart)*

| | |
|---|---|
| MARIA JACINTO,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, WALMART INC., WAL-MART STORES, INC., WOODBRIDGE UE, LLC, URBAN EDGE PROPERTIES, JOHN DOES 1-10, JANE DOES 1-10 (being fictitious persons unknown at this time), ABC COMPANY 1-10 (being fictitious entities unknown at this time), DEF MAINTENANCE COMPANY, GHI BUILDING COMPANY (said names being fictitious)<br><br>Defendant(s). | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Walmart Inc. ("Walmart") and Wal-Mart Stores Inc. ("Wal-Mart Stores" and incorrectly named as Walmart) hereby remove the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey, based upon the following:

1.      On or about May 13, 2019, Plaintiff Maria Jacinto commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, entitled MARIA JACINTO Vs. WALMART, WALMART INC., WAL-MART STORES, INC., WOODBRIDGE UE, LLC, URBAN EDGE PROPERTIES, JOHN DOES 1-10, JANE DOES 1-10 (being fictitious persons unknown at this time), ABC COMPANY 1-10 (being fictitious entities

unknown at this time), DEF MAINTENANCE COMPANY, GHI BUILDING COMPANY (said names being fictitious), Docket No. MID-L-003708-19 (the "Complaint").

2. On or about May 23, 2019, the Summons, Complaint, Civil Case Information Statement, Track Assignment Notice, and NJ Superior Court Lawyer Referral and Legal Service List were served on Walmart.

3. According to the Complaint, plaintiff Maria Jacinto resides in Perth Amboy, New Jersey. Thus, upon information and belief, plaintiff Maria Jacinto is a citizen of New Jersey.

4. Walmart, formerly known as Wal-Mart Stores, is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Thus, at the time of the filing of the Complaint, neither Walmart nor Wal-Mart Stores was a citizen of NJ.

5. Upon information and belief, Woodbridge UE, LLC ("Woodbridge") is a New Jersey limited liability company which, based on the citizenship of its member(s), is a citizen of New Jersey.

6. Upon information and belief, Urban Edge Properties ("Urban Edge") is a publicly traded real estate investment trust whose shares are traded on the New York Stock Exchange and whose owners or shareholders include citizens of the State of New Jersey.

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Civil Case Information Statement, Track Assignment Notice, and NJ Superior Court Lawyer Referral and Legal Service List which constitute all process, pleadings and orders initially served upon Walmart are attached hereto as Exhibit A.

8. On June 11, 2019, defendants Woodbridge and Urban Edge filed an Answer to the Complaint and a Civil Case Information Statement. On July 31, 2019, defendants Walmart and Wal-Mart Stores filed a Stipulation Extending Time to Answer, Move or Otherwise Respond to

the Complaint ("Stipulation Extending Time"), an Answer to the Complaint, and a Civil Case Information Statement. Attached hereto as Exhibits B and C, respectively, are true and correct copies of Woodbridge and Urban Edge's Answer and Civil Case Information Statement and Walmart and Wal-Mart Stores' Stipulation Extending Time, Answer and Civil Case Information Statement.

9. Counsel for Walmart and Wal-Mart Stores received via electronic notification from the state court the following documents on the following dates:

(a) Lack of Prosecution Dismissal Warning as to fictitious defendant DEF Maintenance Company (September 21, 2019);

(b) Woodbridge and Urban Edge's Motion to Dismiss Complaint for Failure to Make Discovery (October 18, 2019);

(c) Letter withdrawing Woodbridge and Urban Edge's Motion to Dismiss Complaint for Failure to Make Discovery (November 6, 2019);

(d) Lack of Prosecution Dismissal Order as to fictitious defendant DEF Maintenance Company (November 23, 2019); and

(e) Discovery End Date Reminder Notice (January 27, 2020).

True and correct copies of the documents referenced in subparagraphs (a) through (e) are attached as Exhibit D.

10. On February 12, 2020, counsel for Woodbridge and Urban Edge filed a Stipulation of Dismissal ("Stipulation of Dismissal") with the state court, in which plaintiff voluntarily dismissed Woodbridge and Urban Edge as defendants in the action. Attached as Exhibit E is a true and correct copy of the Stipulation of Dismissal.

11.     Copies of all process, pleadings and orders served upon Walmart are attached hereto as Exhibit A, B, D, and E.

12.     This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the sole remaining, non-fictitious defendants, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

13.     Although diversity of citizenship did not exist among the parties when the Complaint was filed on May 13, 2019, diversity of citizenship now exists at the time this Notice of Removal is being filed, given that Plaintiff has voluntarily dismissed the non-fictitious, non-diverse defendants (Woodbridge and Urban Edge).

14.     The Complaint alleges that on or about July 4, 2018, Plaintiff was lawfully on the premises known as Walmart, located at 360 US Highway 9 Route N, Woodbridge, New Jersey. Complaint, First Count, ¶ 1. The Complaint also alleges that defendants negligently owned, operated, maintained, and/or controlled the premises in a negligent, careless and reckless matter by causing a clothes hanger to remain on the floor, thereby causing plaintiff to slip, fall and become injured. *Id.*, ¶ 4. As a direct and proximate result of defendants' negligence, plaintiff claims she was injured, has incurred and will incur expenses for the treatment of those injuries, has been disabled and in the future will be disabled and not be able to perform her usual functions, has been and in the future will be caused great pain and suffering, and has lost time from her usual occupation. *Id.*, ¶ 8.

15.     According to plaintiff's interrogatory answers, she sustained injuries to her neck, head, knees, and back, in addition to suffering anxiety and other emotional distress, and other

injuries as set forth in the records and reports of her treating medical professionals and medical expert reports. Among the injuries that plaintiff is purportedly claiming in this lawsuit are a right knee medial meniscus tear and lateral meniscus tear; cartilage wear and synovitis; left knee horizontal cleavage tear; disc herniation; disc bulges; mild central spinal stenosis; thecal sac impingement; spondylolisthesis; bilateral foraminal narrowing; and lumbar radiculopathy. Among the treatment that plaintiff is purportedly claiming in this lawsuit are a right knee arthroscopy with partial medial and partial lateral meniscectomy and synovectomy, and chonroplasty, and medial branch blocks of the bilateral C3 through C5 dorsal primary rami.

16.  While Walmart denies all liability to Plaintiff and denies that she is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint and the injuries alleged and medical records obtained, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

17.  Although federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed, and therefore diversity must ordinarily exist at the time the claim was filed and when removal was sought, an exception exists when the plaintiff voluntarily dismisses the non-diverse party. Such is the case here, when plaintiff voluntarily dismissed as defendants from the lawsuit the non-diverse defendants, Woodbridge and Urban Edge. That dismissal occurred on February 12, 2020 with the filing of the Stipulation of Dismissal.

18.  Pursuant to 28 U.S.C. 1446(b)(3), this Notice of Removal is being filed within thirty days after receipt by Walmart of the Stipulation of Dismissal, which is the "other paper" from which it may be first ascertained that the case is one which is now removable based on diversity of citizenship of the parties. This Notice of Removal is also being filed within one year of plaintiff's filing of the Complaint.

19.     Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3).

20.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Middlesex County and is being served upon Plaintiff.

21.     In filing this Notice of Removal, Walmart does not waive any defects in service of process, venue or personal jurisdiction.

22.     For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendants Walmart Inc. and*
*Wal-Mart Stores, Inc. (improperly named as Walmart)*

By: _____
David H. Ganz

Dated: March 9, 2020

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Middlesex County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendants Walmart Inc. and Wal-Mart Stores, Inc.'s knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendants Walmart Inc. and*
*Wal-Mart Stores, Inc. (improperly named as Walmart)*

By: _____
David H. Ganz

Dated: March 9, 2020

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

Christopher J. Mitchell, Esq.
The Haddad law Firm, P.C.
100 West Pond Road
Woodbridge, NJ 08861
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

David H. Ganz

Dated: March 9, 2020